UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-73-DLB

CHARLES RAYMOND MCNICHOLS                                              PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

ARAMARK CORPORATION, et al.                                            DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Charles McNichols is an inmate confined at the Little Sandy Correctional Center ("LSCC") in Sandy Hook, Kentucky. McNichols has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, McNichols complains that the food he is being served at LSCC is inadequate. Some of his allegations are unclear, as the Court is unable to read McNichols' handwriting. However, McNichols does clearly indicate that the food being served is uncooked and/or is not sufficient in terms of calories or nutrition. (Doc. # 1 at 2). McNichols indicates that this situation began in February 2020 and persists today. *Id*. at 3. McNichols states that he filed an informal grievance regarding his concerns, but indicates that he did not pursue the matter further because "the grievance board coordinator never would resolve the matter." (Doc. # 1 at 5). McNichols names as defendants Aramark Corporation, manager Theresa Gutett, and stock manager Adam

Bare. *Id*. at 1. However, he does not make any allegations against these defendants indicating their role or participation in the matters complained of. See (Doc. # 1 at 2).

Having reviewed the Complaint, the Court will dismiss it without prejudice on several grounds. First, to the extent McNichols's claims arise from conduct occurring more than one year before he filed suit, they are barred by the statute of limitations. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate."). Where the events giving rise to the claim transpired in Kentucky, the cause of action is subject to a one-year statute of limitations. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017). McNichol's claims accrued in February 2020, when he "[knew or had] reason to know of the injury which is the basis of his action." *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015). Because McNichols did not file suit until more than three years later, such claims would be time barred. However, the Court will dismiss the complaint without prejudice for the reasons explained below, as McNichols's claims appear to arise in part from conditions occurring within the limitations period.

Second, McNichols acknowledges that he did not fully exhaust his administrative remedies before he filed his complaint. Federal law requires administrative exhaustion prior to filing suit. 42 U.S.C. § 1997e(a). Specifically, an inmate must invoke the prison's grievance process and pursue it to its conclusion, following the prison's procedural rules along the way. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). An inmate must file all available appeals, even if he is convinced doing so will not give him the relief he seeks. *Hartsfield*

*v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so."). McNichols's failure to take advantage of the remedies available from the prison itself warrants dismissal of the complaint without prejudice. *Napier v. Laurel Cnty.*, 636 F.3d 218, 223-24 (6th Cir. 2011); *see also Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.").

Finally, McNichols's Complaint fails to adequately state a claim against any of the named defendants. Personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Federal notice pleading therefore requires the complaint to advise each defendant what he or she allegedly did or did not do that forms the basis of the plaintiff's claim against him or her. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Thus, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citations omitted). Here, McNichols names three defendants in his complaint, but he makes no specific allegations against any of them. In sum, he does not allege what each defendant did or failed to do

that amounted to a violation of his civil rights. Without such essential allegations, McNichols's complaint fails to state a claim against them.

Accordingly, the Court **ORDERS** as follows:

(1) The Complaint filed by plaintiff Charles McNichols (Doc. # 1) is **DISMISSED** without prejudice.

(2) This matter is **STRICKEN** from the docket.

This 7th day of July, 2023.

Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\McNichols 0-23-73 Memorandum.docx